UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

MASON TENDERS DISTRICT COUNCIL, WELFARE
FUND, PENSION FUND, ANNUITY FUND,
TRAINING PROGRAM FUND, NEW YORK STATE
LABORERS-EMPLOYERS COOPERATION AND
EDUCATION TRUST FUND, NEW YORK LABORERS'
HEALTH AND SAFETY TRUST FUND and BUILDING
COUNTRACTORS ASSOCIATION INDUSTRY
ADVANCEMENT PROGRAM, and JOHN J. VIRGA,
in his fiduciary capacity as Director,      03 Civ. 634

             and                             OPINION AND ORDER

ANTHONY SILVERI, as Business Manager of
the MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK,

             Plaintiffs,

  - against -

CONCORE EQUIPMENT, INC. and
PATRICIA RICE a/k/a PAT RICE,

             Defendants.

----------------------------------------X



A P P E A R A N C E S:

    <u>Attorney for Plaintiffs</u>

    GORLICK, KRAVITZ & LISTHAUS, P.C.
    17 State Street
    New York, N.Y.  10004
    BY: Michael J. Volbrecht, Esq.
        Michael S. Adler, Esq.

    <u>Attorneys for Defendants</u>

    TRIVELLA, FORTE & SMITH, LLP
    1311 Mamaroneck Avenue, Suite 170
    White Plains, N.Y.  10605
    BY: Christopher A. Smith, Esq.

**Sweet, D.J.,**

Plaintiffs Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, Training Fund, New York State Laborers-Employers Safety Trust Fund, New York Laborers' Health and Safety Trust Fund, Building Contractors Association Industry Advancement Program, and John J. Virga (collectively, "Plaintiffs") have moved for summary judgment to enforce the putative November 1, 2006 settlement agreement entered into by the parties. Defendant Patricia Rice ("Rice") has cross-moved for summary judgment dismissing the action against her.

On November 29, 2006, "having been advised that this action is settled" this Court dismissed the above-captioned action "[p]ursuant to the pre-trial conference held before the Court on 11-1-06 . . . ." Order of Dismissal, Nov. 29, 2006. By their present motion, Plaintiffs seek to enforce a putative settlement agreement that lists certain payments and then states: "The above has been agreed to in settlement, with a formal stipulation to be executed and filed." Vollbrecht Aff., Ex. N.

"By whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert

1

to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Thus, although the parties have not raised the issue, it is incumbent on this Court to inquire into its jurisdiction over the present dispute. See Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 488 n.10 (1999) (noting that issues that go to jurisdiction cannot be settled by consent of the parties and must be raised by the District Court *sua sponte*); Mansfield, C & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884) ("[T]he rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act.").

In Kokkonen v. Guardian Life Ins. Co. of Am., the parties arrived at an oral agreement settling all claims and counterclaims, the substance of which they recited on the record before the district judge in chambers. 511 U.S. 375, 376 (1994). The parties then executed a stipulation and order of dismissal with prejudice, dismissing the complaint and cross-complaint, which the district court signed under the notation

"It is so ordered." Id. at 376-77. The stipulation and order did not reserve jurisdiction in the district court to enforce the settlement agreement or otherwise mention the agreement. Id. at 377. A dispute later arose with regard to the parties' obligations under the settlement agreement, and defendant brought a motion to enforce the agreement, which the petitioner opposed, inter alia, on the grounds that the district court lacked subject-matter jurisdiction. Id. The district court entered an enforcement order asserting its "inherent power" to do so, and the Court of Appeals for the Ninth Circuit affirmed. Id.

Emphasizing that "what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal," the Supreme Court reversed, holding that enforcement of the settlement agreement, "whether through an award of damages or decree of specific performance," would be "more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Id. at 378. Absent a provision in the order of dismissal obligating the parties to comply with the terms of the settlement agreement or incorporation of the terms of the agreement in the order, the district court was without ancillary

3

jurisdiction to enforce the agreement. Id. at 381. See also Buckhannon Bd. and Caring Home, Inc. v. W.V. Dept. of Health and Human Resources, 532 U.S. 598, 608 n.7 (2001) ("[J]urisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal." (citing Kokkonen)).; Torres v. Walker, 356 F.3d 238, 244 (2d Cir. 2004) (discussing Kokkonen and holding that a "so-ordered" stipulation of dismissal does not carry with it a "sufficient judicial imprimatur" to warrant treatment as a monetary judgment for the purposes of the PLRA).

As in Kokkonen, the order of dismissal in the instant case makes no reference to the putative settlement agreement. Kokkonen is controlling, and the motion must therefore be dismissed for lack of subject matter jurisdiction.

It is so ordered.

**New York, NY**
**September 25, 2008**

ROBERT W. SWEET
U.S.D.J.